UNITED GENERAL TITLE INSURANCE COMPANY, Plaintiff—Appellant,

v.

AMERICAN INTERNATIONAL GROUP, INC.; National Union Fire Insurance Company of Pittsburgh, PA, Defendants—Appellees.

No. 01–56770.

D.C. No. CV–00–11494–CM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Nov. 14, 2002.

Before HUG, BRUNETTI, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

United General Title Insurance Company appeals the district court's grant of summary judgment in favor of defendants. The district court found that the fidelity bond issued by National Union Fire Insurance Company, an American International Group subsidiary, did not provide coverage for United General's required contribution to a California Insurance Code § 12376 fund.

This court has jurisdiction under 28 U.S.C. § 1291. The grant of summary judgment is reviewed de novo. *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001). Summary judgment may be affirmed on any ground supported by the record, even if not relied upon by the district court. *Guidroz–Brault v. Missouri Pac. R.R. Co.,* 254 F.3d 825, 829 (9th Cir.2001).

* This disposition is not appropriate for publication and may not be cited to or by the courts

### Factual Background

In June 1999, National Union issued Financial Institution Bond 859–00–60 to United General. The applicable portion of the National Union bond is Rider # 1 (Title Agents Rider), which provides coverage to United General for a "[l]oss resulting directly from dishonest or fraudulent acts committed by a Title Agent."

On February 8, 2000, the California Department of Insurance ("DOI") obtained a court order placing Universal Title Company into conservatorship for deficiencies in its escrow accounts. Under California Insurance Code § 12376(c), if the DOI places an underwritten title company into conservatorship, the DOI creates a § 12376 fund to make up the deficiency. Section 12376 makes title insurers proportionately liable for shortages in the escrow accounts of the underwritten title companies with whom they are in contractual agreement. By contract Universal Title was authorized to solicit title insurance for the account of United General, as well as other title insurance companies.

The DOI demanded $1,376,273 from United General as its proportionate liability for the escrow deficiency of Universal Title. This amount demanded was subsequently revised to $828,150, and United General complied with the demand. United General then demanded payment from National Union under the National Union bond for the deficiency. National Union refused. This litigation resulted.

### Discussion

The district court held that the National Union bond did not provide coverage for the liability imposed due to the shortfalls in Universal Title's escrow accounts because in its escrow related activities it was not acting as a title agent. United General

of this circuit except as provided by Ninth Circuit Rule 36–3.

argues that because liability was imposed due to Universal's status as a title agent, the National Union bond provides coverage.

We affirm the district court's decision, but for a different reason. The National Union bond provides coverage to United General for a "[l]oss resulting *directly* from dishonest or fraudulent acts committed by a Title Agent." (emphasis added). The liability imposed by the DOI pursuant to Cal. Ins.Code § 12376 is not a direct loss and falls outside the scope of the bond's coverage.

Section 12376 of the California Insurance Code imposes liability on a title insurer for any escrow shortfalls of an underwritten title company placed in conservatorship, with whom the title insurer is operating pursuant to a underwriting agreement. Upon determination of liability by the DOI, the title insurer is required to deposit its proportionate share into an account established solely for the reimbursement of escrow accountholders. Cal. Ins.Code § 12376(c).

This court addressed a similar situation in *Vons Companies, Inc. v. Fed. Ins. Co.,* 212 F.3d 489 (9th Cir.2000). In *Vons,* the defendant's insurance policy coverage was limited to plaintiff's direct losses incurred as a result of employee misconduct. An employee of the insured engaged in a dishonest act which resulted in Vons being vicariously liable to third parties. The insured submitted a proof of loss to recover the amount for which the claim was settled. Vons argued the loss from the settlement of the liability suit was a "direct loss" incurred due to the actions of the employee.

This court rejected that argument finding that the coverage did not extend to plaintiff's liability settlement of third party claims for losses arising out of the tortious conduct of its employees. *Id.* at 492. Von's policy provided coverage for direct losses that were caused by employee theft or forgery. *Id.* at 492. The court found that "direct means direct" and the third party claims were not direct. *Id.*

Similarly, the shortfalls in the escrow account of Universal Title caused injury to third parties. The statutory scheme which imposed liability on United General was put in place to compensate the third parties for potential shortfalls. Pursuant to a statutory obligation imposed upon United General as a cost of doing business in California as a title insurer, it was required to contribute to a Section 12376 fund whose proceeds were used to pay escrow losses suffered by third parties.

The payments made by United General pursuant to their statutory obligation under Cal. Ins.Code § 12376 are not losses resulting directly from the dishonest or fraudulent acts of a title agent, and therefore fall outside the scope of coverage of the National Union Bond.

AFFIRMED.